# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELO M. LEVI,<br><br>                Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | Case No. 2:12-cv-00909-MMD-GWF<br><br>**ORDER**<br><br>**Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint** |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1), filed on May 29, 2012.

## BACKGROUND

Plaintiff alleges a claim against the Social Security Administration (SSA), challenging their denial of social security disability benefits. Plaintiff alleges that at all time relevant to this action, he was disabled as defined by the Social Security Act. Plaintiff claims that the Social Security Commissioner, initially and upon reconsideration, denied his request for supplemental security income. Plaintiff states that he timely requested review of the ALJ's decision with the Appeals Council, which was denied on March 29, 2012. Plaintiff now seeks judicial review of that final agency decision.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Levi's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

. . .

## II. Complaint

Plaintiff brings suit against Michael J. Astrue alleging he was wrongfully denied social security disability benefit. Federal courts only have jurisdiction to conduct judicial review of SSA's final decisions. *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980). Viewing Plaintiff's complaint, it appears that Plaintiff fully exhausted his administrative remedies with the SSA. The Court will therefore allow Plaintiff's complaint to proceed as a petition for judicial review of a final agency decision.

The Court additionally notes that attorney Marc Kalagian made an appearance on behalf of Plaintiff. Mr. Kalagian is a Nevada licensed attorney, but does not maintain an office in Nevada. Pursuant to LR IA 10-1(b), a Nevada licensed attorney who does not maintain an office in Nevada "shall either associate a licensed Nevada attorney maintaining an office in Nevada or designate a licensed Nevada attorney maintaining an office in Nevada, upon whom all papers, process, or pleadings required to be served upon the attorney may be so served." Mr. Kalagian shall have 14 days from the date of this order to comply with LR IA 10-1(b). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of summons and Complaint by certified mail to: (1) the General Counsel, Social Security Administration, Room 611, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235 and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the United States Attorney for the District of Nevada, and deliver the summons and Complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that Defendants shall have **sixty (60) days** from the date of service to file their answer or responsive pleading to Plaintiff's Complaint in this case.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Mr. Kalagian, shall have **14 days** from the date of this order to comply with LR IA 10-1(b).

DATED this 27th day of August 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge